36 C.C.P.A.(Patents)

**Application of HALL.**

**Patent Appeal No. 5599.**

United States Court of Customs and Patent Appeals.

June 28, 1949.

460

Louis A. Jones, Boston, Mass. (Lawrence G. Miller and Emery, Booth, Townsend, Miller & Weidner, Boston, Mass., of counsel), for appellant.

W. W. Cochran, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

In this appeal we are called upon to review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Primary Examiner, finally rejecting as unpatentable over the prior art, claims 14 to 19, inclusive, of an application for a patent on "Rotary Cylinder Abrading Tool," serial No. 556,928, filed October 3, 1944. Five claims have been allowed. The involved claims were also rejected by the examiner as being broader than the invention. With respect to that rejection, the board stated that it is not the general practice to reject claims in mechanical cases for that reason, citing Ex parte Huber, 50 U.S.P.Q. 30, and Ex parte McCarty, 47 U.S.P.Q. 145, both decisions of the Board of Appeals. We consider the statement by the board as being equivalent to a reversal of that ground of rejection.

Claims 14 and 17 are illustrative of the rejected claims and read as follows:

"14. In a wheel section to be combined with others to form a rotary cylinder abrading tool, the combination of a laminated hub composed of disks of alternately large and small diameter coaxially arranged and abutting face to face, layers of abrading material about the small disks and between the outer margins of the large disks, and bonding material which bonds said disks and said abrading material into a unitary mass, the margins of the large disks and the intervening abrading material being compressed and compacted in an annular zone which limits the extent of the bonding material."

"17. In a rotary cylinder abrading tool, the combination of a set of annular bodies of abrading material, and a laminated hub composed of two sets of disks, one set of large diameter, and one set of small diameter, the large diameter disks alternating with the small diameter disks, the outer margins of the large diameter disks being separated by annular spaces which receive the inner margins of said annular bodies, and the inner edges of said annular bodies abutting against the perimeters of the small diameter disks."

The invention relates to the construction of buffing or abrading wheels, which comprise a centered perforated hub to be fitted to a mandrel, and composed of a plurality of two sizes of annular disks made of paper or chipboard, coaxially placed one on top of another alternately so that the cylinder thus formed contains a series of marginal grooves between the outer edges of the smaller disks and the outer edges of the larger disks. Each of the larger disks, with the exception of the outer ones, has a radial slit extending inwardly from its periphery, through which a helical strip of cotton cloth is passed. The edge of the cloth extends some distance beyond the larger diameter of the hub and forms the buffing or abrading face to be applied to the workpiece. The cloth passing through the slits occupies the annular grooves between the disks, pretreated with a synthetic resin, which by action of heat and pressure binds the disks and the intervening cloth into a unitary mass. Instead of the cloth being in helical form, it is stated in the application that the cloth layers may be in "separate and distinct pieces."

The references relied on are: Levett, 1,298,522, March 25, 1919; Hall, 2,027,863, January 14, 1936; Hall, 2,034,576, March 17, 1936; Melton et al., 2,355,667, August 15, 1944. The Hall patents are owned by the present applicant.

The patent to Levett relates to a buffing or polishing wheel. There is disclosed ☞

buffing wheel which is formed by assembling a plurality of annular rings of cloth buffing material upon a laminated hub. The hub is preferably made up of a plurality of annular disks of different diameters, which are superimposed one upon another. The buffing cloth is wound around the core or hub at least once, and the smaller disks are encompassed by the larger disks.

The Hall patent, 8,027,863, relates to a ventilated buffing wheel and discloses a structure comprising a plurality of small annular disks alternating with larger annular disks, the larger disks consisting of fibrous anchoring disks, protective disks of canvas, and separators, preferably of steel, but which may consist of any suitable material. The smaller disks may be made of fibreboard or other materials. The abrading material is made up of a plurality of cloth layers in the form of disks, which are placed in the grooves between the hubs and the anchoring disks. It is said that the hub, cloth disks, anchoring disks, and protective disks may be made in the form of units which are then assembled on an arbor with separators between them.

The Hall reference, 2,034,576, relates to improvements in buffing wheels or buffing disks, but in view of our conclusion it is not necessary to discuss the structure of that patent.

The Melton et al. reference relates to an abrasive article and was cited as showing that the practice of impregnating the hub portion of a buffing wheel is old in the art.

Claim 14 was rejected as unpatentable over the Levett and Hall patents in view of the Melton et al. reference. Claims 15, 16, 17, and 19 were rejected as being fully met by either of the Hall references and by the Levett patent. Claim 18 was rejected as being fully met by the Hall patent, No. 2,034,576.

It may be stated that each of the five allowed claims provides for radial slits in the larger disks, extending inwardly from their peripheries, and that such limitation is absent from the rejected claims.

It is clear to us that the earlier Hall patent discloses a buffing wheel, comprising a laminated hub made up of disks of large diameter which alternate with others of small diameter, and that the interior edges of the annular cloth abrading material abuts against the perimeters of the small disks and is received between the large diameter disks, particularly as defined in rejected claim 17.

It seems to us that there is not much difference in the substance defined by the rejected claims. They all provide for the assembly of the same kind of unit made in substantially the same fashion.

Claim 14, in addition to reciting limitations clearly present in the Levett patent and the Hall references, recites "bonding material which bonds said disks and said abrading material into a unitary mass," which limitation can not lend patentability to the claim because of the disclosure in the Melton et al. patent of impregnating the various portions of a buffing wheel.

Claim 15 defines "two sets of layers of material abutting face to face and constituting a laminated hub provided with annular grooves between alternate laminae." We do not think that such limitation excludes the use of different kinds of disks, as hereinbefore described in the earlier Hall patent, because the structure is shown to have, in its assembled form, hub disks which alternate in a predetermined manner. Clearly the drawing in that patent shows a provision for annular grooves for receiving the layers of buffing or abrading material.

While claims 16 and 19 define the same structure as that defined in claim 15, but in different language, we think the reasons for rejecting claim 15 apply to those two claims.

A mere reading of claim 17 shows that the limitations thereof are fully met by either of the Hall references and by the Levett patent.

Claim 18 defines no bonding together of the elements into a unitary mass, but merely provides that the disks and the bodies are to be bonded by an adhesive. Since the earlier Hall patent teaches that the disks of the buffing wheel and the separators may be held against movement in any desired manner, the use of adhesive would certainly be obvious and not patentable over that reference.

In our opinion, the rejections of all of the claims as unpatentable over the prior art was proper, and the decision of the Board of Appeals, therefore, is affirmed.

Affirmed.

By reason of illness, HATFIELD, Judge, was not present at the argument of this case and did not participate in the decision.